IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES WILLIAM PEARSON, JR.,** | **:** | **Civil No. 1:14-CV-1400** |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | **(Judge Kane)** |
| **v.** | **:** | |
| | **:** | **(Magistrate Judge Carlson)** |
| **CAROLYN COLVIN, ACTING** | **:** | |
| **COMMISSIONER OF SOCIAL** | **:** | |
| **SECURITY** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## REPORT AND RECOMMENDATION

### I.     Statement of Facts and of the Case

This social security disability appeal comes before us for consideration of a motion to dismiss filed by the defendant, the Acting Commissioner of Social Security. In this motion, the defendant asserts that the complaint filed by the plaintiff, an unsuccessful social security disability claimant, is barred by the statute of limitations that is applicable to such cases.

With respect to this statute of limitations claim, the pertinent facts are largely undisputed.  On November 3, 2011, Pearson filed an application for disability

insurance benefits (DIB).  In this application Pearson alleged that he was disabled, in part, due to a mental health disorder.  Specifically, Pearson asserted that he suffered from a major depressive disorder.  On February 13, 2012, the Commissioner denied Pearson's application, and the plaintiff filed a timely request for a hearing on February 29, 2012.  On November 21, 2012, an administrative law judge (ALJ) held a hearing on Pearson's application and on February 12, 2013, the ALJ issued a decision denying Pearson's application for supplemental security income and disability insurance benefits.   The ALJ decision denying benefits to Pearson nonetheless acknowledged that he suffered from significant mental health challenges in the form of a major depressive disorder.  (Doc. 9, ALJ Decision.)  Indeed, the ALJ characterized these mental health concerns as severe, and recited that at least one health care provider had assessed Pearson and found his global assessment of function (GAF) score to be 50.[1] (Id.)

Pearson timely sought Appeals Council review of this adverse decision, but on May 13, 2014, the Appeals Council denied Pearson's request to review this ALJ

---

[1]The "GAF" scale ranges from a rating of zero to 100, and is divided into ten ranges which consider "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness."  Diagnostic and Statistical Manual of Mental Disorders, 32-35 ("DSM-IV") (4th ed. American Psychiatric Association 1994).  A GAF score of 50 or lower signifies significant impairment. GAF scores ranging from 51-60 indicate moderate symptoms, while a GAF score of 61-70 indicates transient and expected reactions to psychosocial stressors.  Id.

decision.  The Appeals Council mailed its denial notice to Pearson at the address he had provided to Social Security and in its May 13, 2014, denial notice Social Security informed Pearson of his right to commence a civil action within 60 days from the date of receipt of the notice.  In addition, the Appeals Council's denial letter instructed Pearson that if he could not file his Complaint within 60 days of receipt of the notice, he could request that the Appeals Council extend the time in which he could commence a civil action.  The denial notice also indicated that the Appeals Council would presume plaintiff received a copy of the notice within 5 days of the date of the notice.  Given this notice, in order to be timely Pearson needed to file this civil action on or before Thursday, July 17, 2014.

It is undisputed that Pearson, who apparently had been consistently timely in his prior filings before the agency, failed to meet this particular filing deadline and instead filed his complaint two working days after July 17, on Monday July 21, 2014. (Doc. 1.)  A combination of emotional, economic, legal and logistical factors seem to have accounted for this brief delay in filing this complaint.  At the outset, Pearson's significant emotional impairments may have contributed to this delay in filing his complaint.  In addition, Pearson and his counsel both attest without contradiction by the Commissioner that Pearson's indigency contributed to this filing delay.  As the filing deadline approached Pearson endeavored unsuccessfully to find

the personal resources to pay the filing fee.  When he was unable to do so as the filing deadline approached, his counsel suggested that Pearson file his complaint and seek leave to proceed *in forma pauperis*, a course which Pearson ultimately followed.

In order to move for leave to proceed *in forma pauperis*, counsel instructed Pearson to collect information describing his financial situation and set that information forth in an application to be submitted to the Court.  Pearson completed this task, but was only able to forward this information to his counsel on July 17, the filing deadline in this case.  (Doc. 2, facsimile header.)

At this juncture it appears that logistical considerations then conspired to frustrate a timely filing by Pearson.  By the time Pearson had amassed and submitted this information, his counsel was out of the office on July 18, 2014, attending to other legal matters in Gettysburg, Pennsylvania. (Doc. 12-2.)  Upon returning to the office on Monday July 21, 214, counsel promptly filed a complaint and motion for leave to proceed *in forma pauperis* on Pearson's behalf.  (Docs.1 and 2.)  Pearson's Counsel also endeavored to secure an extension of time in which to file the complaint, *nunc pro tunc*, from the Appeals Council on July 22, 2014, (Doc. 12-3.), but never received a  response to this request.  (Id.)

4

It is against this factual backdrop that the Commissioner moves to dismiss this complaint as time-barred.  (Doc. 7.)  This motion is fully briefed by the parties (Docs. 8, 9 and 12.) and is, therefore, ripe for resolution.

For the reasons set forth below, it is recommended that this motion be denied, since Pearson would appear to qualify for brief equitable tolling of the statute of limitations on the unique facts of this case.

## II.   Discussion

### A.   Motion to Dismiss–Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the  Federal Rule of Civil Procedure is the proper vehicle of challenging the timeliness of the filing of a social security appeal under the statute of limitations.  Raffinee v. Comm'r of Soc. Sec., 367 F. App'x 379, 380 (3d Cir. 2010).  Indeed, case law permits a limitations defense to be raised in a Rule 12(b)(6) motion, "[when] 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations' "  Frazier v. Colvin, No. CIV.A. 13 28, 2013 WL 1891351, at *1 n.1 (W.D. Pa. May 6, 2013) quoting Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated, Hedges v.

United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555.

In undertaking this task, the court generally relies only on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also, U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without

converting the motion to dismiss in one for summary judgment.") However, the court

may not rely on other parts of the record in determining a motion to dismiss.  Jordan

v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

### B.    Statute of Limitations– Social Security Appeals

42 U.S.C.  § 405 (g) prescribes the period within which one must file a

complaint seeking judicial review of an administrative decision denying social

security benefits, and provides that:  " Any individual, after any final decision of the

Commissioner of Social Security made after a hearing to which he was a party,

irrespective of the amount in controversy, may obtain a review of such decision by

a civil action commenced within sixty days after the mailing to him of notice of such

decision or within such further time as the Commissioner of Social Security may

allow."  42 U.S.C. § 405 (g).

It is well-settled that this 60-day filing requirement is not a jurisdictional limit

on the power of the court, "but rather constitutes a period of limitations."  Bowen v.

City of New York, 476 U.S. 467, 478 (1986).  Nonetheless because the limitations

period is a condition of the waiver of sovereign immunity, and serves a salutary

purpose in ensuring timely submission of claims, this 60-day limitations period "must

be strictly construed."  Bowen v. City of New York, 476 U.S. 467, 479 (1986).

However, as a statute of limitations, the 60-days limitations period prescribed by

§405(g) is also subject to equitable tolling.  Indeed, as the Supreme Court has observed:  "application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.' "  Bowen v. City of New York, 476 U.S. 467, 480 (1986).

Adopting these benchmarks courts have held that equitable tolling should be rare and "equitable tolling is 'to be applied sparingly'" Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012), but have agreed that equitable tolling "may be appropriate:  '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' "  Cardyn v. Comm'r of Soc. Sec., 66 F. App'x 394, 397 (3d Cir. 2003) quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994).  With respect to equitable tolling claims made in this setting, it is also clear that:  "plaintiff bears the burden of establishing that equitable tolling applies. Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir.1997)."  Frazier v. Colvin, No. CIV.A. 13 28, 2013 WL 1891351, at *2 (W.D. Pa. May 6, 2013).

While we regard this as an exceedingly close case, we recommend on the unique facts presented here that the Court apply equitable tolling to this complaint and allow this matter to be addressed on its merits because we find that all of the circumstances of this case, in combination, created a situation "where the plaintiff in some extraordinary way has been prevented from asserting his . . . rights." Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012).  At the outset, we note that Pearson appears to have labored under a recognized mental and emotional disability, a major depressive disorder, which may have affected his ability to address these matters in a timely fashion.  Such disability-based equitable tolling has long been recognized by the courts in the past in situations where a claimant's mental impairments have impeded his ability to meet the limitations period prescribed by statute.  See Canales v. Sullivan, 936 F.2d 755, 758 (2d Cir.) on reh'g, 947 F.2d 45 (2d Cir. 1991) citing Young v. Bowen, 858 F.2d 951 (4th Cir.1988); Torres v. Secretary, 475 F.2d 466 (1st Cir.1973); Hines v. Bowen, 671 F.Supp. 10 (D.N.J.1987); Brittingham v. Schweiker, 558 F.Supp. 60 (E.D.Pa.1983); Kapp v. Schweiker, 556 F.Supp. 16 (N.D.Cal.1981).[2]

---

[2]While we acknowledge that these impairments may be considered as part of an overall equitable tolling analysis, nothing in this acknowledgment in any way suggests, or is intended to suggest, that Pearson may qualify for disability benefits on these grounds.  The question of equitable tolling, and any judgment on the ultimate merits of a disability claim, are judged against separate and very distinct

In this case the threshold challenge arising by virtue of Pearson's mental condition was then compounded by his indigency and his inability to secure the filing fee as this filing deadline approached.  It seems undisputed that Pearson's indigency forced him to compile and submit an application for leave to proceed *in forma pauperis* as the filing deadline loomed before him.  The delays related to compiling this information and complying with the requirements of *in forma pauperis* filing also independently justify some additional equitable tolling consideration here.  See Dasilva v. Sheriff's Dep't, 413 F. App'x 498, 502 (3d Cir. 2011)(acknowledging potential equitable tolling when inmate filing delayed due to need to collect *in forma pauperis* paperwork).

Furthermore, once Pearson made this submission to his counsel, unexpected logistical factors combined to introduce further delay into this filing.  By the time Pearson had amassed and submitted this information, his counsel was out of the office on July 18, 2014, attending to other legal matters in Gettysburg, Pennsylvania. (Doc. 12-2.)  However, once counsel returned to his office on July 21, 2014, he acted with dispatch, promptly filing a complaint and motion for leave to proceed *in forma pauperis* on Pearson's behalf while also endeavoring to secure an extension of time,

---

legal standards.  Rather, we simply find that this consideration, in combination with multiple other factors, may permit Pearson's case to be heard on its merits, but we do not imply what the outcome of that merits analysis should be.

in which to file the complaint, *nunc pro tunc*, from the Appeals Council. (Docs. 12-2 and 12-3.) In the past, when confronted by other similar, brief filing delays in social security appeals resulting from counsel's need to address competing client needs, and cast against a prior history of diligence by the plaintiff, courts have held "that equitable tolling is appropriate" and have concluded that "it would be fundamentally unfair to Plaintiff if h[is] case were to be dismissed." Fender v. Comm'r of Soc. Sec., No. 1:11-CV-12, 2012 WL 1623558, at *1 (S.D. Ohio May 9, 2012)(rejecting magistrate judge report and recommendation recommending dismissal on statute of limitations grounds).

In sum, in this case while it is clear that Pearson failed, albeit by two working days, to file his complaint within the 60-day period prescribed by §405(g), the unique combination of four factors permits brief equitable tolling of this limitations period. Specifically, the combined delays attributable to Pearson's mental health and indigency, coupled with the last-minute logistical obstacles encountered by Pearson and his counsel, permit such equitable tolling, particularly when this case is viewed against the backdrop of the plaintiff's otherwise apparently diligent pursuit of this claim over time.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the

defendant's motion to dismiss the plaintiff's complaint (Doc. 7.) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen
(14) days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all parties,
written objections which shall specifically identify the portions of the
proposed findings, recommendations or report to which objection is
made and the basis for such objections.  The briefing requirements set
forth in Local Rule 72.2 shall apply.  A judge shall make a de novo
determination of those portions of the report or specified proposed
findings or recommendations to which objection is made and may
accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis of
that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Submitted this 2d day of December, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge